# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60033

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

March 12, 2014

Lyle W. Cayce

NEELAM SIJAPATI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 925 093

Before KING, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Neelam Sijapati, a native and citizen of Nepal, petitions for review of the decision of the Board of Immigration Appeals (BIA) that dismissed her application for asylum and withholding of removal. Sijapati does not challenge or seek review of the BIA's determination regarding any claim for protection under the Convention Against Torture. She has therefore waived review of that determination. *See Hongyok v. Gonzales*, 492 F.3d 547, 551 n.5 (5th Cir. 2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60033

In her only issue on appeal, Sijapati argues that she has shown a well-founded fear of future persecution in Nepal based on her political opinion and membership in a particular social group, the Nepal Student Union (NSU), which opposed the Communist Party of Nepal (the Maoists). The BIA determined that she had failed to establish a well-founded fear of future persecution on account of her membership in the NSU.

We review the BIA's decision and the decision of the immigration judge to the extent that it influenced the BIA. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002). Whether an alien has demonstrated eligibility for asylum or withholding of removal is a factual determination reviewed for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). To establish her eligibility for asylum, Sijapati is required to demonstrate past persecution or a well-founded fear of future persecution on account of her race, religion, nationality, membership in a particular social group, or political opinion. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444-45 (5th Cir. 2001). "To establish a well-founded fear of future persecution, [she] must demonstrate a subjective fear of persecution, and that fear must be objectively reasonable." *Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005) (internal quotation marks and citation omitted).

Sijapati concedes that substantial evidence supports the BIA's determination that she did not suffer past persecution in Nepal. Accordingly, a well-founded fear of future persecution is not presumed. *See* 8 C.F.R. § 208.13(b)(1); *Shehu v. Gonzales*, 443 F.3d 435, 436 (5th Cir. 2006). On the issue of whether Sijapati has a well-founded fear of future persecution, the record does not compel the conclusion that Sijapati established eligibility for asylum. *See Chen*, 470 F.3d at 1134. The BIA properly concluded that Sijapati failed to establish that she has a well-founded fear of persecution based on her opposition to Maoists in Nepal. Sijapati did not demonstrate that her fear of future persecution was objectively reasonable. Indeed, she was previously

threatened by Maoists and once beaten by people she assumed were Maoists, but nevertheless returned to Nepal in 2008 and was not harmed.  Sijapati also failed to show that anyone in Nepal is currently seeking her out to harm her.  *See Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006) (Denigration, threats, and harassment do not constitute persecution).  In addition, Sijapati's parents have continued to live in Nepal without being harmed.  This weakens her claim of likely future persecution.  *See Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004) (citing *Matter of A-E-M*, 21 I. & N. Dec. 1157, 1160 (BIA 1998)).  Having failed to satisfy the requirements for asylum, Sijapati has also failed to satisfy the requirements for withholding of removal under the Immigration and Nationality Act.  *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).  The petition for review is DENIED.